UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KONSTANTINOS SGAGIAS, | : | CIV NO. 1:24-CV-1632 |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | (Magistrate Judge Carlson) |
| | : | |
| NEWBERRY TOWNSHIP POLICE | : | |
| DEPARTMENT, et al. | : | |
| | : | |
| **Defendants.** | : | |

## MEMORANDUM OPINION

### I.    Statement of Facts and of the Case

This case comes before us for consideration of a motion to alter our prior order denying the plaintiff's request to further amend his complaint, which the plaintiff has presented as a motion for relief from a final judgment under Rule 60(b). (Doc. 68). This litigation involves a dispute over the ownership of a 2015 Chevrolet Camaro, which the *pro se* plaintiff in this case, Konstantinos Sgagias, alleges was abandoned in a salvage yard he purchased in 2018 at a tax sale. It appears a legal battle ensued over whether the previous owner had abandoned the Camaro and who was its rightful owner, but according to the plaintiff, he legally possessed the Camaro pursuant to several Pennsylvania court orders. (Doc. 22, ¶¶ 13-15). For his part, the previous owner of the salvage yard, Emeka Kingsley Oguejiofor, reported the

1

Camaro as stolen and, upon searching the VIN, police discovered it was still registered in his name. (Doc. 22-1).

Thus, on September 28, 2022, officers of the Newberry Township Police Department, under the direction of Defendant Lieutenant Braxton Ditty, entered Sgagias' property to conduct a VIN check on the Camaro at which time Sgagias alleges he presented the officers with the court orders purporting to prove the vehicle was forfeited and lawfully in his possession. (Id., ¶¶ 16-17). Despite this documentation, the officers removed the vehicle from the plaintiff's property and returned it to Oguejiofor. (Id., ¶ 18). A few months later, on December 27, 2022, Lieutenant Ditty charged the plaintiff with misdemeanor unauthorized use of a vehicle. (Id., ¶ 19).

While this case remained unresolved in state court, in September 2024, Sgagias filed his complaint in federal court, alleging the defendants violated his constitutional rights and committed state law torts when they removed the vehicle from his property and initiated criminal charges against him. Since initiating this case in September of 2024, Sgagias, has filed at least four versions of his complaint. In his third amended complaint, which we have deemed the operative pleading in this case, Sgagias brought civil rights claims under 42 U.S.C. § 1983, alleging constitutional violations of due process, false arrest, unlawful seizure, and a state law conversion claim against the arresting officer, Lieutenant Braxton Ditty, and

2

Newberry Township Police Department. (Doc. 22, ¶¶ 34-54). He also lodged an abuse of process claim against Defendant Ditty. (Id.) In addition, he alleged violations of due process against York County District Attorney David Sunday and attempted to impute liability upon York County for his claims against the police department and district attorney's officer under Monell v. Department of Social Services, 436 U.S. 658 (1978).

On September 12, 2025, on motion from the defendants, we dismissed York County and York County District Attorney David Sunday from this action, concluding the plaintiff had not stated against these defendants. (Tr. 48). We also dismissed the constitutional claims against the Newberry Township Police Department, but stayed any remaining claims against Newberry Township PD and Defendant Officer Braxton Ditty until the state court proceedings had concluded. (Id.)

One week later, on September 19, 2025, Sgagias filed a motion for leave to file a fourth amended complaint which added three new defendants along with a cause of action under the Resource Conservation and Recovery Act (RCRA). (Doc. 49-1). The plaintiff then informed the Court that he was acquitted on all charges on November 5, 2025, and requested leave to file a fifth amended complaint. (Doc. 59; Commonwealth v. Konstantinos G. Sgagias, Docket No. CP-67-CR-0000001978-2023 (Pa. Com. Pl. – York Cnty.). We denied the plaintiff's motion for leave to file

3

a fourth and fifth amended complaint but lifted the stay on the plaintiff's surviving claims against Lt. Ditty and the Newberry Township Police Department. (Doc. 60).

Sgagias now invites us to reconsider our decision denying him leave to amend his pleading for a fourth and fifth time. (Doc. 47). However, despite Sgagias's disagreement with the Court's prior conclusions, the immutable facts upon which we previously based our decision remain unchanged. Thus, we continue to believe that this case should proceed only as to the surviving claims against Lieutenant Ditty and Newberry Township Police Department and Sgagias should not be granted leave to further amend. Accordingly, this motion to reconsider or alter judgment will be DENIED.

## II.    **<u>Discussion</u>**

Sgagias has moved for relief from final judgment under Rule 60(b). In our view, since the plaintiff challenges only our denial of his request to submit a fourth and fifth amended complaint, we consider this a motion to alter our judgments pursuant to Rule 59 of the Federal Rules of Civil Procedure. <u>See generally, Daulatzai v. Maryland</u>, 97 F.4th 166, 178 (4th Cir. 2024) (distinguishing motions to alter or amend a judgment in the period immediately following the entry of judgment from Rule 60(b) authorization to relief a party from a *final* judgment). Nonetheless, the legal standards that govern motions to reconsider mirror those cited by the plaintiff in his motion for relief from judgment. On this score, "[t]he purpose of a motion for

reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Therefore, it is well settled that:

> [A] judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion [to dismiss]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. See North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir.1995).

Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). See Howard Hess Dental Laboratories Inc. v. Dentsply Intern., Inc., 602 F.3d 237, 251 (3d Cir. 2010).

Thus, it is well-settled that a mere disagreement with the court does not translate into the type of clear error of law which justifies reconsideration of a ruling. Dodge v. Susquehanna Univ., 796 F.Supp. 829, 830 (M.D. Pa. 1992). Furthermore, "[b]ecause federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Continental Casualty Co. v. Diversified Indus., Inc., 884 F.Supp. 937, 943 (E.D. Pa. 1995). Moreover, it is evident that a motion for reconsideration is not a tool to re-litigate and reargue issues which have already been considered and disposed of by the court. Dodge, 796 F.Supp. at 830. Rather, such a motion is appropriate only where the court has misunderstood a party or where there has been a significant change in law or facts

since the court originally ruled on that issue. See Above the Belt, Inc. v. Mel

Bohannon Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983).

Applying these exacting legal benchmarks, we note at the outset that Sgagias

has identified no intervening change in the law which calls for reconsideration of

our prior decision denying his motion to submit a fourth and fifth amended

complaint. Nor has he cited any new evidence which was previously unavailable to

the Court. Indeed, the plaintiff argues only that the Court misinterpreted evidence

and misapplied the law. This attempt to relitigate his case is inappropriate on a

motion to reconsider since the Court has already carefully considered and rejected

the arguments asserted by Sgagias.

On this score, the plaintiff challenges our conclusion that the district attorney

defendants, including York County District Attorney David Sunday and ADA John

Hamme are entitled to immunity from his claims. At the outset, we note that ADA

Hamme is simply not, and never has been, a defendant in this case. Instead, on

September 19, 2025, two years after initiating this case in federal court and after the

plaintiff had already submitted four different complaints, we denied his motion to

again amend his complaint to add ADA John Hamme and two other defendants.

(Doc. 60).

Nonetheless, our decision to deny the plaintiff's request to add this defendant

was based largely upon the same conclusions we drew in dismissing and denying

the plaintiff's request to amend his complaint as to York County DA Sunday. As to both of these defendants, we concluded that they are entitled to absolute immunity for their prosecutorial actions and, to the extent that their actions were outside the scope of their prosecutorial duties, qualified immunity. The plaintiff's most recent motion refashions his argument that the actions of the district attorneys were investigative and not prosecutorial in nature because ADA Hamme directed police to initiate charges and seize the vehicle before any formal criminal complaint was filed and declined to criminally prosecute Emeka Oguejiofor at the plaintiff's request. In our view, these actions in initiating or declining to initiate charges are precisely the prosecutorial acts which are entitled to immunity. Yarris v. County of Delaware, 465 F.3d 129, 135 (3d Cir. 2006) ("[Prosecutorial] immunity extends to acts . . . such as initiating a prosecution and presenting the State's case."). Thus, our previous conclusion that this defendant, and proposed defendant, were cloaked in immunity was not erroneous.

Moreover, in denying the plaintiff's motion to further amend and continue to add parties and claims in this case, we concluded that the district attorney defendants the plaintiff sought to add to this case would also be entitled to qualified immunity. In this assessment, we conducted a probable cause assessment which the plaintiff now challenges, arguing that we committed legal error in failing to consider evidence of his innocence at trial, including the police officer's testimony that he

had no evidence, beyond Sgagias's own statements, that the plaintiff operated the vehicle, and evidence that the title showing Ezike's name was defective and never registered under Florida or Pennsylvania law. But it is actually the plaintiff, not the Court, who misstates and misunderstands the applicable law in this case. Indeed, the fact that there may not have been enough evidence to convict the plaintiff of the crime with which he was charged simply does not defeat probable cause in this case. Instead, it is well-settled that:

> "Probable cause does not require the same type of specific evidence of each element of the offense as would be needed to support a conviction." Adams v. Williams, 407 U.S. 143, 149, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972). Therefore, the evidentiary standard for probable cause is significantly lower than the standard which is required for conviction. See Michigan v. DeFillippo, 443 U.S. 31, 36, 99 S.Ct. 2627, 61 L.Ed.2d 343 (1979) ("We have made clear that the kinds and degree of proof and the procedural requirements necessary for a conviction are not prerequisites to a valid arrest.") (citations omitted); Wilson v. Russo, 212 F.3d 781, 789 (3d Cir.2000) (holding that probable cause only requires a "fair probability" that a person committed the relevant crime). An arrest was made with probable cause if "at the moment the arrest was made . . . the facts and circumstances within [the officers'] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that [the suspect] had committed or was committing an offense." Beck v. Ohio, 379 U.S. 89, 91, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964) (citations omitted). In other words, the constitutional validity of the arrest does not depend on whether the suspect actually committed any crime. Johnson v. Campbell, 332 F.3d 199, 211 (3d Cir.2003).

Wright v. City of Philadelphia, 409 F.3d 595, 602 (3d Cir. 2005). Thus, the evidence the plaintiff relies upon is inapposite to our finding of probable cause, a significantly

8

lower standard which is not dependent upon the plaintiff's ultimate conviction. Instead, we find our reliance on the facts available to the prosecutors at the time of initiation of charges in concluding probable cause existed, including that Oguejiofor reported his vehicle stolen and a subsequent investigation revealed the car was registered to him, was proper. Moreover, we reinforce our view that the prosecutors were entitle to rely on the vehicle title which was tied to the VIN of the vehicle and showed Oguejiofor's name, and not Sgagias's, over the vague, piecemeal paperwork and obscure regulatory context Sgagias alleges demonstrates he was the legal owner of the vehicle at least for the purposes of probable cause, which simply requires on a fair probability that a person committed the relevant crime. Wilson, 212 F.3d at 789.

Finally, as to the plaintiff's argument that the Court improperly dismissed his RCRA claim, we remind the plaintiff again that he has not ever properly lodged this claim against any defendant. We addressed the plaintiff's vague RCRA allegations in denying his motion to amend the complaint to add this claim, concluding that this claim is unexplained and failed to state any claim for relief against any of the named defendants. Indeed, it is axiomatic that "Federal Rule of Civil Procedure 8(a)(2) requires [ ] a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544,

555, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007). Thus, simply stating the statute which governs the cause of action as notice that the plaintiff intends to pursue some enigmatic claim is insufficient to provide the defendants notice of the grounds upon which this claim rests. Indeed, prior to the plaintiff's instant motion which explains this claim was based upon the alleged interference of the defendants in his environmental cleanup efforts, the factual allegations supporting this claim were entirely unexplained. Thus, it simply cannot be said that our conclusion denying leave to amend and add this claim was legal or factual error.[1]

---

[1] In any event we note that RCRA imposes strict requirements on citizen lawsuits, and Sgagias has failed to allege well-pleaded facts meeting any of the elements of a RCRA claim. On this score:

> Generally, RCRA provides for three distinct types of citizen suits. First, Section 7002(a)(1)(A) authorizes citizen suits against any person or entity who is in violation of "any permit, standard, regulation, condition, requirement, prohibition, or order which has become effective pursuant" to RCRA. 42 U.S.C. § 6972(a)(1)(A). Second, Section 7002(a)(2) of RCRA permits any person to commence an action against the Administrator of the Environmental Protection Agency ("EPA") for a failure by the EPA "to perform any [nondiscretionary] act or duty" under RCRA. 42 U.S.C. § 6972(a)(2). Lastly, Section 7002(a)(1)(B), as amended in 1984, permits a civil suit against any person or entity "who has contributed or who is contributing to the past or present handling, storage, treatment, transportation, or disposal of any solid or hazardous waste which may present in imminent and substantial endangerment to health or the environment." 42 U.S.C. § 6972(a)(1)(B); Meghrig, 516 U.S. at 484, 116 S.Ct. 1251.

Interfaith Cmty. Org. v. Honeywell Int'l, Inc., 188 F. Supp. 2d 486, 494–95 (D.N.J. 2002).

In sum, the plaintiff's motion simply does not demonstrate that there is a need to correct a clear error of law or fact in order to prevent manifest injustice in this case.[2] Accordingly, he has not met the precise thresholds set by law for a motion to reconsider, and this motion will be DENIED.

An appropriate order follows.

*S/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge

Date: April 29, 2026

---

[2]To the extent that Sgagias is asking us to set aside the judgment entered by this Court under the catch-all provision of Rule 60(b)(6), which permits relief on "any other reason that justifies relief," this requires a showing of "extraordinary circumstances justifying the reopening of a final judgment," Arrieta v. Battaglia, 461 F.3d 861, 865 (7th Cir.2006) (citations omitted). Since we conclude our decision to deny his motion to amend his complaint for a forth and fifth time two years after initiating his case was entirely appropriate, and he has not explained what extraordinary circumstances would justify relief under Rule 60(b), his motion for relief under this rule also fails.